# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WILLIAM E. JONES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 19-cv-00029-JPG |
| | ) |
| JEFFERSON COUNTY JAIL, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM & ORDER

**GILBERT, District Judge:**

Plaintiff William Jones[1] brings this civil rights action pursuant to 42 U.S.C. § 1983 for deprivations of his constitutional rights. (Doc. 1). In the Complaint, Plaintiff alleges that he was injured during his transport from court to Jefferson County Jail in January 2018. (Doc. 1, p. 1). He was also denied medical care for his injuries. Plaintiff seeks class certification and money damages. (*Id.*). The Complaint is now before the Court for preliminary review under 28 U.S.C. § 1915A, which requires the Court to screen prisoner Complaints and filter out non-meritorious claims. 28 U.S.C. § 1915A(a). Any portion of the Complaint that is legally frivolous or malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations are liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

---

[1] At the time of filing this action, it appears that Plaintiff was a "prisoner" and thus subject to the Prison Litigation Reform Act, 42 U.S.C. § 1997e. *See* 28 U.S.C. § 1915A(c). Section 1915A(c) defines "prisoner" as "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." *Id*. The envelope containing Plaintiff's Complaint lists his return address as the Jefferson County Justice Center located at 911 Casey Avenue, Mount Vernon, Illinois 62864. But Plaintiff also lists an alternative address in his Complaint, raising some question about his status as a "prisoner" on the date he filed his Complaint. To resolve this issue, Plaintiff will be required to advise the Court, in writing, of his address on the date he filed the Complaint.

1

## The Complaint

Plaintiff makes the following allegations in the Complaint (Doc. 1, p. 1): In early January 2018, Plaintiff was injured while being transported from court to Jefferson County Jail. The transport officer laughed at his request for a seatbelt and then caused Plaintiff to hit his head by suddenly jerking the vehicle as he drove. Plaintiff heard his neck crack, "went limp," and was unable to move for almost five minutes. He immediately requested medical care. A doctor and/or nurse came to the vehicle and completed a visual examination of him. They told Plaintiff that he was fine and ordered him to get out of the vehicle. Once feeling returned to his body, Plaintiff exited the vehicle. However, his subsequent requests for an examination and x-rays by a "real doctor" were denied. For more than a week, Plaintiff awaited medical care for his injuries. During this time, he was assigned to a low bunk and issued a second mattress. However, he was denied all further medical treatment for his injuries at the Jail. (*Id.*).

Based on the allegations in the Complaint, the Court finds it convenient to divide the *pro se* action into the following enumerated Counts:

> **Count 1:** Defendant is responsible for the injuries Plaintiff sustained during his transport from court to Jefferson County Jail in early January 2018 when a transport officer denied Plaintiff a seatbelt and then drove in a manner that caused Plaintiff to suffer injuries to his head and neck.
>
> **Count 2:** Defendant denied Plaintiff adequate medical treatment for over a week for the injuries he sustained to his head and neck during his transport from court to Jefferson County Jail in early January 2018.

**Any other claim that is mentioned in the Complaint but not addressed herein is considered dismissed without prejudice as inadequately pled under *Twombly*.[2]**

---

[2] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

**Discussion**

The Complaint does not survive preliminary review under 42 U.S.C. § 1983. Plaintiff names a single defendant in connection with his claims: Jefferson County Jail. However, the Jail is not a "person" subject to suit under Section 1983. *Smith v. Knox Cnty. Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012); *Powell v. Cook Cnty. Jail*, 814 F. Supp. 757, 758 (N.D. Ill. 1993). The Jail is not even a legal entity.

Pursuant to Federal Rule of Civil Procedure 17, a defendant must have the legal capacity to be sued. *See* FED. R. CIV. P. 17(b). When determining whether an entity has this capacity, federal courts look to state law. *Magnuson v. Cassarella*, 812 F. Supp. 824, 827 (N.D. Ill. 1992). The county jail is not considered a suable entity under Illinois law. *Isaacs v. St. Clair Cnty. Jail*, No. 08-0417-DRH, 2009 WL 211158, at *3-4 (S.D. Ill. Jan. 29, 2009); *Hedger v. Wexford*, No. 18-cv-2081-JPG, 2019 WL 117986, at *2 (S.D. Ill. Jan. 7, 2019). Accordingly, the Jail shall be dismissed with prejudice.

Even if Plaintiff intended to name Jefferson County instead of the Jail, the Complaint still fails to state a claim upon which relief may be granted against it. Governmental entities can only be held liable for the unconstitutional acts of employees that are carried out pursuant to an official policy or custom. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). The Complaint refers to no policy or custom that caused Plaintiff's injury. *See id.*; *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); FED. R. CIV. P. 8(a)(2). Therefore, any claims against Jefferson County should be considered dismissed without prejudice.

Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under [Section] 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005).

In order to state a claim, Plaintiff must identify particular individuals who acted, or failed to act, in a manner that caused a violation of Plaintiff's constitutional rights. Plaintiff may bring a claim against a state actor under Section 1983, even if he does not know his or her exact identity. He should simply identify the unknown defendant in generic terms, *e.g.*, "John Doe" or "Jane Doe," in the case caption and use the generic designation for the individual throughout the statement of his claim. Plaintiff has named no individuals who were responsible for the injuries he sustained during transport or for the subsequent denial of medical care at the Jail. Absent any allegations to this effect, Counts 1 and 2 cannot proceed and are dismissed without prejudice.

## Disposition

**IT IS ORDERED** that Plaintiff must advise the Court, in writing, of his address on the date he filed the Complaint on or before **April 29, 2019**. Failure to do so will result in continued treatment of this case as one filed by a prisoner pursuant to the Prison Litigation Reform Act under 42 U.S.C. § 1997e and 28 U.S.C. § 1915A(c).

**IT IS ORDERED** that the Complaint (including **COUNTS 1** and **2**) is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.

**IT IS ORDERED** that Defendant **JEFFERSON COUNTY JAIL** is **DISMISSED** with prejudice from the action. The Clerk is **DIRECTED** to **TERMINATE** this defendant in CM/ECF.

Plaintiff is **GRANTED** leave to file a "First Amended Complaint" on or before **April 29, 2019**. Should Plaintiff fail to file a First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). The dismissal shall also count as one of Plaintiff's three allotted "strikes" under 28 U.S.C. § 1915(g).

It is strongly recommended that Plaintiff use the civil rights complaint form designed for use in this District. He should label the form, "First Amended Complaint," and he should use the case number for this action (No. 19-cv-00029-JPG). To enable Plaintiff to comply with this Order, the **CLERK** is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

An amended complaint generally supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The First Amended Complaint must stand on its own *without* reference to any previous pleading, such as the Supplement (Doc. 7) Plaintiff filed on March 26, 2019. Plaintiff must set forth all claims against all defendants in the First Amended Complaint, instead of relying on piecemeal amendments. Plaintiff must re-file any exhibits he wishes the Court to consider. The First Amended Complaint is also subject to review pursuant to 28 U.S.C. § 1915A.

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable, regardless of whether Plaintiff files a First Amended Complaint. 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED**.

**DATED: 4/1/2019**

s/J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**