IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WILLIAM E. JONES, Y36585, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 19-cv-00029-JPG |
| JOHN DOE 1 and JANE DOE 1, | ) |
| Defendants. | ) |

## MEMORANDUM & ORDER

**GILBERT, District Judge:**

Plaintiff William Jones[1] filed an Amended Complaint pursuant to 42 U.S.C. § 1983 for deprivations of his constitutional rights at Jefferson County Justice Center in Mount Vernon, Illinois. (Doc. 10). Plaintiff allegedly sustained head and neck injuries while being transported without a seatbelt by an unknown officer ("John Doe 1") in January 2018. (*Id*. at p. 6). He was denied medical care for his injuries by an unknown nurse ("Jane Doe 1"). (*Id*.). Plaintiff seeks money damages against both defendants. (*Id*.).

The Amended Complaint is now before the Court for preliminary review under 28 U.S.C. § 1915A, which requires the Court to screen prisoner complaints and filter out non-meritorious claims. 28 U.S.C. § 1915A(a). Any portion of the Amended Complaint that is legally frivolous

---

[1] Lingering questions remain about Plaintiff's status as a "prisoner" who is subject to the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e, on the date he filed the Complaint. *See* 28 U.S.C. § 1915A(c). The envelope containing Plaintiff's Complaint lists his return address as the Jefferson County Justice Center. This suggests he was a prisoner and subject to the PLRA. However, he also listed an alternative home address in his Complaint, which called his status into question. Plaintiff was ordered to advise the Court, in writing on or before April 29, 2019, of his address on the date he filed the Complaint. (Doc. 9, p. 4). He did not respond to this Order and has since transferred to Graham Correctional Center. Based on the circumstances described herein, it appears that Plaintiff was a "prisoner" under § 1915A(c) on the date he filed the Complaint. The Amended Complaint is thus subject to screening under 28 U.S.C. § 1915A.

1

or malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations are liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## **Amended Complaint**

Plaintiff makes the following allegations in the Amended Complaint (Doc. 10, p. 6): Plaintiff sustained head and neck injuries while being transported from Jefferson County Courthouse to Jefferson County Justice Center in January 2018. An unknown officer ("John Doe 1") disregarded his request for a seatbelt and transported him in "shackles" and in a manner that caused him to slide across the seat and land on top of another inmate. Plaintiff hit his head, heard his neck crack, and lost all mobility. (*Id*.). He requested immediate medical treatment at a hospital. (*Id*. at p. 6). An unknown nurse ("Jane Doe 1") from Jefferson County Justice Center visually examined him while he was still in the vehicle. She told Officer John Doe 1 that Plaintiff was "faking it" and ordered him to get out of the vehicle. Once "feeling returned," Plaintiff complied with the order. However, his request for hospital treatment was denied, and a doctor did not examine him for more than a week. The doctor prescribed Tylenol for pain, a low bunk permit, and an extra mattress. Plaintiff was denied all other medical testing and treatment. (*Id*.).

Based on the allegations in the Amended Complaint, the Court finds it convenient to reorganize the *pro se* action into the following enumerated Counts:

**Count 1:** John Doe 1 violated Plaintiff's constitutional rights by transporting him from court to Jefferson County Justice Center in shackles, without a seatbelt, and in a manner that caused bodily injury.

**Count 2:** Jane Doe 1 violated Plaintiff's constitutional rights by denying him adequate and timely medical treatment for his head injury, neck injury, and loss of mobility that occurred during his transport from court to Jefferson County Justice Center in January 2018.

**Any other claim that is mentioned in the Amended Complaint but not addressed herein is considered dismissed without prejudice as inadequately pled under *Twombly*.**[2]

## Discussion

The legal framework applicable to both claims depends on Plaintiff's status as an arrestee, detainee, or convicted person. The Fourth Amendment "governs the period of confinement between arrest without a warrant and the [probable cause determination]" and triggers an "objectively reasonable" standard for searches and seizures. *Currie v. Chhabra*, 728 F.3d 626, 629 (7th Cir. 2013) (quoting *Villanova v. Abrams*, 972 F.2d 792, 797 (7th Cir. 1992)). The Fourteenth Amendment Due Process Clause governs claims of pretrial detainees and prohibits all forms of punishment. *Klebanowski v. Sheahan*, 540 F.3d 633, 637 (7th Cir. 2008). Finally, the Eighth Amendment governs claims of convicted persons and prohibits punishment that is cruel and unusual. *Id.*

It is unclear whether Plaintiff was an arrestee, pretrial detainee, or convicted person when his claims arose, but this can be sorted out in time. Courts considering claims brought by arrestees, pretrial detainees, and convicted persons have allowed them to proceed where the failure to provide seatbelts was accompanied by the intentional or reckless driving of the defendant. *See, e.g., Edwards v. David*, 2017 WL 2653077 (N.D. Ill. 2017) (Fourth Amendment claim allowed to proceed against officer who refused to seatbelt arrestee, drove recklessly through a construction zone, and caused bodily injury); *Brown v. Fortner*, 518 F.3d 552 (8th Cir. 2008) (Eighth Amendment claim allowed to proceed against driver who refused to fasten convicted person's seatbelt, drove at an excessive speed, crossed double-yellow lines, and followed vehicles too

---

[2] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

closely). The allegations that Plaintiff was cuffed, denied a seatbelt, and subjected to reckless driving resulting in injuries are sufficient to support a claim against Officer John Doe 1.

The allegations also support a claim against Nurse Jane Doe 1 for denying Plaintiff's requests for medical treatment following the incident in January 2018. He suffered head and neck injuries that rendered him immobile, at least temporarily, and caused continuing pain. At this stage, the Court cannot dismiss Count 2 against Nurse Jane Doe 1.

### Identification of Unknown Defendants

Plaintiff shall be allowed to proceed with Count 1 against Officer John Doe 1 and Count 2 against Nurse Jane Doe 1. However, these defendants must be identified with particularity before service of the Amended Complaint can be made on them. The plaintiff will have the opportunity to engage in limited discovery to ascertain the identity of these defendants. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 832 (7th Cir. 2009). In this case, the Jail Administrator for Jefferson County Justice Center will be added as a defendant, in his or her official capacity only, and shall be responsible for responding to discovery aimed at identifying both unknown defendants. Once their names are discovered, Plaintiff must file a motion to substitute each newly identified defendant in place of the generic designations in the caption and Amended Complaint.

### Pending Motion

Plaintiff's Motion for Attorney Representation (Doc. 11) is **DENIED without prejudice**. *See Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) (*en banc*). He has demonstrated insufficient efforts to locate counsel on his own. He lists the names of attorneys he contacted but does not provide a copy of their written responses or offer sufficient information about verbal responses. Plaintiff also appears competent to represent himself in this matter. Both claims survive preliminary review. Based on the allegations, these claims are not overly complicated, and

Plaintiff identifies no impediments to *pro se* litigation of this matter, at least for now. Should his situation change, Plaintiff may renew this request by filing new motion.

### Disposition

**IT IS ORDERED** that **COUNT 1** will receive further review against Defendant **JOHN DOE 1**, and **COUNT 2** will receive further review against Defendant **JANE DOE 1**. These claims are dismissed without prejudice against the defendant not named in connection with each claim. **Pursuant to Administrative Order No. 244, Defendants John Doe 1 and Jane Doe 1 need only respond to the issues stated in this Merits Review Order.**

The Clerk is **DIRECTED** to add Defendant **Jail Administrator of Jefferson County Justice Center**, in his or her official capacity only, to the docket for the purposes of identifying John Doe 1 and Jane Doe 1 with particularity. **As the Jail Administrator for Jefferson County Justice Center is in the case solely for discovery purposes, he or she need not respond to the Amended Complaint. The Jail Administrator only needs to enter his or her appearance and will receive further instruction on discovery at a later date.**

The Clerk of Court shall prepare for Defendants John Doe 1 (once identified), Jane Doe 1 (once identified), and Jefferson County Justice Center / Jail Administrator: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Amended Complaint, and this Memorandum and Order to each defendant's place of employment as identified by Plaintiff. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require that defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a defendant can no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with that defendant's current work address, or, if not known, his or her last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Amended Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, even though his application to proceed *in forma pauperis* was granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED**.

**DATED: 6/18/2019**

    s/J. Phil Gilbert
    **J. PHIL GILBERT**
    **United States District Judge**

## Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**